IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

TANA SPENCER, on behalf of                    3:16-cv-00093-BR
herself and others similarly
situated,                                     OPINION AND ORDER

                    Plaintiff,

        v.

MIDLAND FUNDING LLC aka
MIDLAND FUNDING NCC-2 CORP. and
GORDON AYLWORTH & TAMI P.C.,

                    Defendants.


**BRET A. KNEWTSON**
Attorney at Law
3000 N.W. Stucki Place
Suite 230 M
Hillsboro, OR 97124
(503) 846-1160

**MARK G. PASSANNANTE**
Broer & Passannante, PS
1001 S.W. 5th Avenue
Suite 1220
Portland, OR 97204
(503) 294-0910

                    Attorneys for Plaintiff

**DAVID J. ELKANICH**
Holland & Knight, LLP
2300 US Bancorp Tower
111 S.W. Fifth Avenue
Portland, OR 97204
(503) 243-2300

                Attorneys for Defendant Midland Funding LLC

**PETER D. EIDENBERG**
Keating Jones Hughes, P.C.
One S.W. Columbia, Suite 800
Portland, OR 97258-2095
(503) 222-9955
                Attorneys for Defendant Gordon Aylworth & Tami P.C.

**BROWN, Judge.**

This matter comes before the Court on the Motion (#10) to Compel Arbitration, Stay Case and Strike Class Allegations filed by Defendant Midland Funding LLC and the Motion (#14) to Compel Arbitration, Strike Class Allegations, and Dismiss the Complaint filed by Defendant Gordon Aylworth & Tami P.C.

For the following reasons the Court **GRANTS in part** and **DENIES in part** Defendants' Motions (#10,#14), **DENIES as moot** Defendant Gordon's Motion to Strike Exhibit 5 of Plaintiff's Response filed as part of Gordon's Reply (#30) in Support of Motion to Compel Arbitration, and **DENIES as moot** Defendant Gordon's Motion to Strike Document 32-1 of Plaintiff's Supplemental Response filed as part of Gordon's Sur-Reply (#33) in Support of Motion to Compel Arbitration.

**BACKGROUND**

The following facts are taken from Plaintiff Tara Spencer's Complaint and the parties' materials filed in connection with the Motions and are undisputed unless otherwise indicated.

In April 2008 Plaintiff obtained a credit card issued by Citibank NA that could only be used at Home Depot stores. Plaintiff used the credit card to purchase items from Home Depot to remodel or to improve her home.  After November 2008 Plaintiff did not make any further purchases, but she did not close the account.[1]  Plaintiff subsequently defaulted on the account.  At some point Citibank "charged off" Plaintiff's account.  In March 2014 Midland obtained Plaintiff's account from Citibank.

Midland hired Defendant Gordon to collect the debt Plaintiff owed.  In January 2015 Gordon sent a demand letter to Plaintiff regarding payment of the debt.  When Plaintiff did not pay the debt as demanded, Midland instructed Gordon to file a collection action against her.

On March 13, 2015, Gordon filed a complaint on behalf of Midland in state court against Plaintiff in which Midland alleged Plaintiff breached the contract by failing to pay her debt.  In her answer to the complaint Plaintiff admitted she obtained,

---

[1] The Card Agreement for the credit card provides it is binding unless the account is closed within 30 days after receiving the card and the card has not yet been used.  It is undisputed these provisions do not apply here.

used, and failed to pay for the charges incurred on the charge
card.

In November 2015 Midland filed a motion for summary judgment
asserting it was entitled to judgment as a matter of law based on
Plaintiff's factual concessions.  Plaintiff, however, filed a
cross-motion for summary judgment and asserted she was entitled
to summary judgment on the grounds that Midland's action was
barred by the statute of limitations, Midland had failed to
register as a collection agency, and Midland had failed to offer
any admissible evidence that it owned the underlying debt.

On January 20, 2016, Plaintiff filed a class-action
Complaint in this Court against Midland and Gordon Aylworth
& Tami P.C. alleging violations of the Fair Debt Collection
Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.,* on behalf of
herself and others similarly situated.  Plaintiff alleges
Defendants violated FDCPA by failing to notify Plaintiff that the
debt they sought to collect was barred by the applicable statute
of limitations, by threatening a collection action that could not
legally be taken, and by filing a lawsuit that Defendants knew or
should have known was time-barred.

On February 25, 2016, the state court granted summary
judgment to Plaintiff but did not specify the basis for doing so.
On March 3, 2016, the state court dismissed that action.

On April 18, 2016, Defendants filed their Motions to Compel

Arbitration in this action; on May 20, 2016, Plaintiff filed her Response (#24) to Defendants' Motions; and on June 24, 2016, Defendants filed their Replies (#29, #30) in support of their Motions. In its Reply (#30) Gordon included a Motion to Strike Exhibit 5 of Plaintiff's Response.

On August 8, 2016, Plaintiff filed, without leave of Court, a Supplement (#31) to her Response to Defendants' Motions. The Court ultimately allowed Plaintiff's filing and authorized Defendants to file sur-replies. On August 22, 2016, Defendants filed Sur-replies (#33, #34). On September 23, 2016, Midland filed a Motion (#36) to Supplement Filings and for Protective Order, which the Court granted on September 27, 2016. The Court took the Motions to Compel Arbitration under advisement on September 30, 2016, when Midland filed its Supplemental Briefing (#38).

## STANDARDS

The Federal Arbitration Act (FAA), 9 U.S.C. § 1, *et seq.*, was enacted to "advance the federal policy favoring arbitration agreements." *Lowden v. T-Mobile USA, Inc.*, 512 F.3d 1213, 1217 (9th Cir. 2008). The FAA provides arbitration agreements generally "shall be valid, irrevocable, and enforceable." *Id. See also* 9 U.S.C. § 2. Courts must "rigorously enforce" arbitration agreements. *Am. Express Co. v. Italian Colors Rest.*,

133 S. Ct. 2304, 2309 (2013).  *See also Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999)(citing *Dean Witter Reynolds v. Byrd*, 470 U.S. 213, 218 (1985)).  The Court "must enforce the agreement" if it is satisfied that the making of the agreement for arbitration is not at issue.  *Tillman v. Tillman*, 825 F.3d 1069, 1073 (2016).  The court's task is to "determine (1) whether a valid agreement to arbitrate exists, and, if it does, (2) whether the agreement encompasses the dispute at issue."  *Lowden*, 512 F.3d at 1217 (citation omitted).  *See also Boardman v. Pacific Seafood Group*, 822 F.3d 1011, 1017 (9th Cir. 2016).  When interpreting a contract, courts must give "due regard to the federal policy in favor of arbitration" and resolve ambiguities "as to the scope of arbitration in favor of arbitration."  *Boardman*, 822 F.3d at 1018 (quoting *Wagner v. Stratton Oakmont, Inc.*, 83 F.3d 1046, 1049 (9th Cir 1996)).

     "[A]rbitration is a matter of contract," and courts must "place arbitration agreements on equal footing with other contracts."  *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 293 (2002).  Accordingly, when grounds "exist at law or in equity for the revocation of any contract," courts may decline to enforce arbitration agreements.  9 U.S.C. § 2.  *See also Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 683 (1996); *Ferguson v. Countrywide Cred. Indus., Inc.*, 298 F.3d 778, 782 (9th Cir. 2002).  Arbitration agreements are subject to all defenses to

enforcement that apply to contracts generally.  9 U.S.C. § 2.

If the court determines the matter is subject to an arbitration clause, it may either stay the matter pending arbitration or dismiss the matter.  *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014)(citing *Sparling v. Hoffman Constr. Co., Inc.*, 864 F.3d 635, 638 (9th Cir. 1988)).

**DISCUSSION**

Defendants seek an order to compel arbitration of Plaintiff's individual claims; to stay the case pending arbitration or, in the alternative, to dismiss the case in its entirety; and to strike Plaintiff's class-action allegations. According to Defendants, Plaintiff's claims are subject to the arbitration provision of the Citibank Card Agreement to which Plaintiff initially agreed, and, therefore, Plaintiff's claims must be arbitrated.

Plaintiff, however, asserts this action is not subject to arbitration on the grounds that (1) Midland has not proven the parties had a valid existing agreement to arbitrate, and Midland has not proven ownership of the debt; (2) Gordon does not fit the definition of "agent" as defined in the Card Agreement; (3) Defendants have waived their rights to enforce arbitration by pursuing litigation in state court; (4) the state-court

judgment establishes (by issue preclusion) that Midland does not own the debt and Defendants' attempts to collect the debt were untimely; and (5) Plaintiff's FDCPA and class-action claims are not subject to arbitration.

According to Plaintiff, therefore, Defendants are precluded from enforcing the arbitration provision of the Card Agreement even if the Card Agreement is deemed to be valid.

## I.  The validity of the Card Agreement and the applicability and enforcement of the arbitration provision must be resolved by the arbitrator.

Based on the clear language of the Card Agreement, Defendants contend determination of the validity of the Card Agreement between the parties and the applicability and enforceability of the arbitration provision must be resolved by an arbitrator.  As noted, however, Plaintiff contends there is not any evidence that an agreement between Plaintiff and Defendant Midland exists.

With its Motion, Midland produced business records maintained in the normal course of business, including those obtained from Citibank.  Midland submitted the Declaration (#11) of Michael Burger and the Business Records Affidavit (#12) of Aimee Dykes to show that Plaintiff entered into a Card Agreement with Citibank; that Midland is the assignee of Citibank; and that Midland, therefore, is entitled to enforce the arbitration provision of the Card Agreement.  Midland's documents include an

exemplar of a Card Agreement dated 2009 that relates to
Plaintiff's account opened in 2008.  Midland, however, has not
provided a personalized or actual signed Card Agreement that
explicitly reflects Plaintiff assented to its terms.  Plaintiff
contends the lack of evidence showing that Plaintiff personally
assented to the Card Agreement is fatal to Defendants' claim.

In *Nagrampa v. MailCoups* the Ninth Circuit held "the
arbitrability of a particular dispute is a threshold issue to be
decided by the courts" unless that issue is explicitly assigned
to the arbitrator.  469 F.3d 1257, 1268 (9th Cir. 2006).  *See
also Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 65 (2010)
(holding arbitrability is a question for the arbitrator only when
"the agreement explicitly assigns that decision to the
arbitrator").  The Ninth Circuit, however, explained in *Cox v.
Ocean View Hotel Corporation* that challenges to a contract's
validity as a whole, rather than to the arbitration provision
alone, are to be considered by the arbitrator.  533 F.3d 1114,
1120 (9th Cir. 2008).  The Court noted in *Cox* that "our case law
makes clear that courts properly exercise jurisdiction over
claims raising (1) defenses existing at law or in equity for the
revocation of (2) the arbitration clause itself," *id.*, but if
"the challenge is to the arbitration clause itself, the issue of
the contract's validity is considered by the arbitrator."
*Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445-46

(2006). In other words, when a plaintiff's legal challenge is that the contract as a whole is nonexistent, invalid, or unenforceable, the arbitrator decides the validity of the contract, including derivatively the validity of the arbitration clause. *Id.*

Here Plaintiff does not specifically challenge the validity of the arbitration provision standing alone, but instead asserts various reasons why the Card Agreement itself is unenforceable. Following *Buckeye* and *Cox,* the Court, therefore, concludes Plaintiff's challenge to the validity of the Card Agreement and the applicability and enforcement of the arbitration provision is an issue that is reserved to the arbitrator.

## II.  The arbitrator must decide whether the Card Agreement applies to Defendant Gordon as an agent of Midland.

In her response to Gordon's Motion, Plaintiff submitted a copy of an "Account Purchase Agreement" (Ex. 5) dated November 30, 2010, between Midland and another bank.[2] Based on the language of this document Plaintiff contends the arbitration provision of the Card Agreement applies only to actions brought against Citibank's own "agents" rather than the agents of Citibank's assignees or successors.

As noted, the arbitrator must resolve as a threshold issue

---

[2] Plaintiff submits this Agreement because she contends Midland has not produced the Purchase Agreement between Midland and Citibank for Plaintiff's account.

the validity, applicability, and enforceability of the Card
Agreement itself.  Accordingly, the Court concludes on this
record that the arbitrator also must resolve as a threshold issue
whether the Card Agreement applies to Defendant Gordon as an
agent of Midland.

    In its Reply Gordon moves to strike the Account Purchase
Agreement (Ex. 5) submitted by Plaintiff on the grounds that the
document is not properly authenticated, is hearsay, and is
irrelevant.  The Court, however, denies this Motion because the
Court concludes this issue also applies to the validity,
applicability, and enforceability of the Card Agreement and,
therefore, must be determined by an arbitrator.

**III. Defendants have not waived their right to arbitration by
proceeding in state court.**

    Plaintiff contends Defendants waived any right to
arbitration by proceeding with litigation in state court.
Defendants assert they did not waive their rights to arbitration
because Defendants did not have the right to compel arbitration
as to the FDCPA claim in light of the fact that Plaintiff did not
raise such a claim in the state-court action.

    In *Davis v. CACH, LLC*., the defendants moved to compel
arbitration of the plaintiff's FDCPA and class-action claims
based on the defendants' collection efforts as to the plaintiff's
credit-card account.  The plaintiff argued the defendants had
waived any right to arbitrate the FDCPA claim by bringing a

lawsuit in state court to collect the plaintiff's debt.  The
court noted the "mere filing of a lawsuit in state court to
collect on a debt does not mean the debt collector cannot then
compel arbitration if the debtor later brings suit regarding
different claims."  No. 14-cv-03892, 2015 WL 913392, at *5 (N.D.
Cal., Mar. 2, 2015)(citing *Hodson v. Javitch, Block & Rathbone,
LLP,* 531 F. Supp. 2d 827, 831 (N.D. Ohio 2008)(finding that
filing collection actions in state court does not waive the
party's right to later seek arbitration of FDCPA claims
subsequently brought by the debtor).  *See also Doctor's Assocs.,
Inc. v. Distajo,* 107 F.3d 126, 133 (2d Cir. 1997)(finding "waiver
where a party has previously litigated an unrelated yet
arbitrable dispute would effectively abrogate an arbitration
clause once a party had litigated any issue relating to the
underlying contract.").  The Court agress with these principles.

On this record, therefore, the Court concludes Defendants'
efforts in state court to collect Plaintiff's debt do not
constitute a waiver of their right to pursue arbitration on
Plaintiff's claims in this action.

## IV. The applicability and extent of issue preclusion as a result of the state-court decision must be resolved by the arbitrator.

As noted, Midland and Plaintiff filed cross-motions for
summary judgment in the state-court action.  Midland asserted it
was entitled to judgment as a matter of law based on Plaintiff's

state-court answer in which she admitted she obtained, used, and
failed to pay for the charges incurred on the charge card.
Plaintiff filed a cross-motion for summary judgment and asserted
she was entitled to summary judgment on the grounds that
Midland's action was barred by the applicable statute of
limitations,[3] Midland failed to register as a collection agency,
and Midland failed to offer any admissible evidence that it owned
the underlying debt.  The state court, without elaboration,
denied Midland's motion and granted Plaintiff's motion.

As noted, Plaintiff contends the state court's resolution of
the collection action precludes determination as to whether there
is an agreement to arbitrate, but Defendant asserts issue
preclusion does not apply, and, in any event, this is an issue
for the arbitrator to determine.  In *United Computer Systems,
Inc. v. AT&T Corporation* the Ninth Circuit held a defense that
*res judicata* barred claims between the parties as the result of a
prior judgment that resolved these claims was also itself an
issue for resolution by the arbitrator.  298 F.3d 756, 763-64
(9th Cir. 2002)(citing *Chiron Corp. v. Ortho Diagnostic Sys.,
Inc.*, 207 F.3d 1126 (9th Cir. 2000)).

Accordingly, the Court concludes on this record that
Plaintiff's arguments based on issue preclusion as a result of

---

[3] Plaintiff argued a four-year statute of limitations applied
rather than a six-year statute of limitations.

the state court's determination in the collection action must be resolved by the arbitrator.

## V.    Plaintiff's FDCPA and class-action claims are subject to arbitration.

Plaintiff contends even if there is a valid Card Agreement, her FDCPA and class-action claims are not subject to arbitration. As noted, Plaintiff challenges only the applicability of the arbitration provision to her claims, but does not challenged the validity of the arbitration provision itself.

The exemplar Card Agreement, produced as the business records maintained in the normal course of business related to Plaintiff's account, includes the following standard arbitration provision:

### ARBITRATION

**PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY.  IT PROVIDES THAT ANY DISPUTE MAY BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO A JURY AND THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING.  IN ARBITRATION, A DISPUTE IS RESOLVED BY AN ARBITRATOR INSTEAD OF A JUDGE OR JURY.  ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN COURT PROCEDURES.**

**Agreement to Arbitrate:**  Either you or we may, without the others' consent, elect mandatory, binding arbitration for any claim, dispute, or controversy between you and use (called "Claims").

Decl. of Michael Burger (#11), Ex. C at 10 (emphasis in

original).

The Card Agreement also defines the claims subject to arbitration as follows:

> All claims relating to your account, a prior related account, or our relationship are subject to arbitration, *including Claims regarding the application, enforceability, or interpretation of this Agreement and this arbitration provision*. All Claims are subject to arbitration, no matter what legal theory they are based on or what remedy (damages, or injunctive or declaratory relief) they seek. This includes Claims based on contract, tort (including intentional tort), fraud, agency, your or our negligence, statutory or regulatory provisions, or any other source of law. . . . A party who initiates a proceeding in court may elect arbitration with respect to any Claim advanced in that proceeding by any other party. Claims and remedies as part of a class action, private attorney general or other representative action are subject to arbitration on an individual (non-class, non-representative) basis. . . .

*Id.* (emphasis added). The Card Agreement further defines whose claims are subject to arbitration:

> Not only ours and yours, but also Claims made by or against anyone connected with us or you or claiming through us or you, such as a co-applicant or authorized user of your account, an employee, agent, representative, affiliated company, predecessor or successor, heir, assignee, or trustee in bankruptcy.

*Id.*

## A. Plaintiff's FDCPA claim is subject to arbitration.

Defendants contend Plaintiff's FDCPA claim is subject to the arbitration provision of the Card Agreement, which defines

arbitrable "claims" as those "relating to your account" and covers all of those claims "no matter what legal theory they arise under," including statutory claims.  Without identifying any evidence in the record or offering any authority in support, however, Plaintiff asserts her FDCPA claim does not "relate" to the account.

The FDCPA prohibits certain actions by creditors attempting to collect a debt.  The Court notes, however, an action to collect a debt logically relates to the account that gave rise to the debt.  Plaintiff states in her Complaint that she applied for a Home Depot charge card that was approved by Citibank to pay for purchases at Home Depot, she defaulted on the account, and Midland hired Gordon to "collect the debt."  Compl. ¶¶ 16-20.  Plaintiff's FDCPA claim, accordingly, meets both criteria ("relating to" the account and arising under statutory provisions) of the arbitration provision of the Card Agreement. *See Coppock v. Citigroup, Inc.*, No. C11-1983-JCC, 2013 WL 1192632 (W.D. Wash. March, 22, 2013)(holding an FDCPA claim falls within the scope of an arbitration provision).

On this record the Court concludes to the extent that an arbitrator determines there is a valid and enforceable agreement, Plaintiff's FDCPA claim is subject to the arbitration provision.

**B.    Plaintiff may pursue her claims in arbitration only on an individual basis rather than as a class action.**

The arbitration provision of the Card Agreement unambiguously provides "[c]laims and remedies as part of a class action . . . are subject to arbitration *on an individual* (non-class, non-representative) basis."  Emphasis added.

The Supreme Court in *AT&T Mobility v. Concepcion* held class-action waivers are valid and enforceable under the FAA and under the provisions of an agreement that the parties will arbitrate their claims solely on an individual basis.  563 U.S. 333, 344 (2011).

On this record the Court concludes under the arbitration provision of the Card Agreement that Plaintiff is able to pursue her claims in arbitration only in an individual capacity.

**VI.    The Court stays Plaintiff's action.**

Section 3 of the FAA requires courts to stay actions pending arbitration.  9 U.S.C. § 3.  The Ninth Circuit, however, has held district courts have discretion to dismiss an action in its entirety when all of the claims raised in the complaint are subject to arbitration.  *Sparling v. Hoffman Constr. Corp.*, 864 F.2d 635, 638 (9th Cir. 1988).  *See also Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1060 (9th Cir. 2004)("Although the Federal Arbitration Act provides for a stay pending compliance with a contractual arbitration clause, . . . a

17 – OPINION AND ORDER

request for a stay is not mandatory.").

Although the Court has concluded at this juncture that all of Plaintiff's claims are subject to the arbitration provision of the Card Agreement, that conclusion is subject to resolution by the arbitrator, including as to whether the Card Agreement is valid and enforceable.  If, however, the arbitrator were to determine the Card Agreement is not valid or enforceable, then Plaintiff should be allowed to pursue her claims in this Court. Thus, even though Plaintiff does not raise this issue, the Court, in the exercise of its discretion, concludes it is appropriate to stay this case pending the results of arbitration.

**VII. Use of arbitration firms designated in the Card Agreement.**

On August 8, 2016, Plaintiff submitted supplemental materials purporting to show that Defendants have been unable to utilize the services of arbitration firms designated in the Card Agreement, and, therefore, the Court should deny Defendants' Motions to Compel Arbitration.

In its Sur-Reply (#33) Gordon objected to Plaintiff's materials and moved to strike them from the record.

On September 30, 2016, Midland submitted supplemental documents showing at least one of the firms designated in the Card Agreement will accept cases from Midland for arbitration. The Court, therefore, overrules Gordon's objection and denies as moot Gordon's Motion to Strike.

### CONCLUSION

For these reasons, the Court **GRANTS in part** and **DENIES in part** the Motion (#10) to Compel Arbitration, Stay Case and Strike Class Allegations filed by Defendant Midland Funding LLC and the Motion (#14) to Compel Arbitration, Strike Class Allegations, and Dismiss the Complaint filed by Defendant Gordon Aylworth & Tami P.C.  The Court **ORDERS** the parties to proceed with arbitration and **STAYS** this action pending resolution of the arbitration proceeding.

The Court also **DENIES as moot** Defendant Gordon's Motion to Strike Exhibit 5 of Plaintiff's Response filed as part of Gordon's Reply (#30) in Support of Motion to Compel Arbitration and **DENIES as moot** Defendant Gordon's Motion to Strike Document 32-1 of Plaintiff's Supplemental Response filed as part of Gordon's Sur-Reply (#33) in Support of Motion to Compel Arbitration.

The Court further **DIRECTS** the parties to file a joint status report every 120 days regarding the status of the arbitration

beginning February 17, 2017, and to advise the Court immediately when the arbitration is complete.

IT IS SO ORDERED.

DATED this 21st day of October, 2016.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

20- ORDER